UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

FORGE GROUP POWER PTY LTD. (in liquidation) (receivers and managers appointed),

    Debtor in a Foreign Proceeding

Case No. 17-cv-02045-PJH

**ORDER GRANTING REQUEST OF AMICI CURIAE FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF APPELLANT AND REVERSAL; ORDER GRANTING APPELLEE'S REQUEST TO EXTEND TIME FOR FILING RESPONSIVE BRIEF; AND ORDER DENYING APPELLEE'S REQUEST FOR ADDITIONAL PAGES**

Before the court is the request of amici curiae Professor Jay L. Westbrook, Daniel M. Glosband, Ralph R. Mabey, and Leif M. Clark for leave to file an amicus brief in support of appellant Martin Jones, in his capacity as Foreign Representative and Liquidator of Forge Group Power Pty Ltd., and in support of reversal; and the request of appellee APR Energy Holdings Ltd. for an extension of time to file the responsive brief and additional pages.

The request for leave to file the amicus brief is GRANTED. The district court has broad discretion to appoint amicus. See Hoptowit v. Ray, 682 F.2d 1237, 1260 (9th Cir. 1982). "The classic role of amicus curiae . . . [is to assist] in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." Miller-Wohl Co. v. Comm'r of Labor & Indus., 694 F.2d 203, 204 (9th Cir.1982). In this case, the court exercises its discretion to allow amici to participate because, while the court has not yet reviewed the voluminous record, it

appears that their contribution might assist the court in resolving certain complex issues raised in this appeal.

"[T]here is no rule that amici must be totally disinterested." Funbus Sys., Inc. v. State of Calif. Pub. Utils. Comm'n, 801 F.2d 1120, 1125 (9th Cir. 1986). On the other hand, an amicus curiae is merely a "friend of the court," not a party to the action, and to that end, an amicus may not assume the functions of a party, nor may it initiate, create, extend, or enlarge the issues. Miller-Wohl, 694 F.2d at 204. Bearing this in mind, the court notes that it will be inclined to give less consideration to any efforts by amici to litigate the issues raised by the actual parties to this bankruptcy appeal.

With regard to the requests by appellee APR Energy Holdings, the court GRANTS the request for an extension of time to file the responsive brief to August 18, 2017.

The request for additional pages is DENIED. Under Federal Rule of Bankruptcy Procedure 8015(a)(7)(A), "[a] principal brief must not exceed 30 pages." However, under Federal Rule of Bankruptcy Procedure 8015(a)(7)(B)(i), "[a] principal brief is acceptable" regardless of the number of pages if it "contains no more than 14,000 words" or if "uses a monospaced font and contains no more than 1300 lines of text." Appellant Martin Jones has provided a "Certification of Compliance" pursuant to Rule 8015(a)(7)(C), certifying that the opening brief contains 10,600 words, which is less than the 14,000 words permitted by the Rule.

Appellees are entitled to file a brief that complies with Rule 8015(a)(7). The court finds no justification for permitting additional pages or words beyond the limits set forth in the Rule.

**IT IS SO ORDERED.**

Dated: June 28, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge